# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

MIRNA CARPIO,

                              Plaintiff,

            v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                              Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 09-9100-JEM

MEMORANDUM OPINION AND ORDER
REVERSING DECISION OF
COMMISSIONER AND REMANDING
FOR FURTHER PROCEEDINGS

## PROCEEDINGS

On December 10, 2009, Mirna Carpio ("Plaintiff" or "Claimant") filed a Complaint seeking review of the decision by the Commissioner of the Social Security Administration ("Commissioner") denying her applications for disability benefits under Titles II and XVI of the Social Security Act.  On July 2, 2010, the Commissioner filed an Answer to the Complaint. On September 7, 2010, the parties filed a Joint Stipulation ("JS") setting forth their positions and the issues in dispute.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the undersigned Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be reversed and

1  remanded for further proceedings in accordance with law and with this Memorandum
2  Opinion and Order.

3                                    **BACKGROUND**

4          Plaintiff was born on October 31, 1957, and was 46 years old on her alleged disability
5  onset date of July 4, 2004.  (AR 60.)  Plaintiff filed applications for Disability Insurance
6  Benefits and Supplemental Security Income on May 4, 2006, and May 10, 2006,
7  respectively.  (AR 19, 60-64.)  Plaintiff claims she is disabled due to back and shoulder pain,
8  hypertension, and diabetes.  (AR 76.)  Plaintiff has not engaged in substantial gainful activity
9  since July 4, 2004.  (AR 21.)

10         Plaintiff's claim was denied initially on September 8, 2006.  (AR 45-49.)  Plaintiff filed a
11  timely request for hearing on October 11, 2006.  (AR 50.)  Plaintiff appeared with counsel
12  and testified at a hearing held on October 30, 2007, before Administrative Law Judge ("ALJ")
13  Mary L. Everstine.  (AR 399-421.)  The ALJ issued a decision denying benefits on November
14  29, 2007.  (AR 19-25.)  On December 6, 2007, Plaintiff filed a timely request for review of the
15  ALJ's decision.  (AR 11.)  The Appeals Council denied review on November 2, 2009.  (AR
16  3A-5.)  Plaintiff then commenced the present action.

17                                **DISPUTED ISSUES**

18         As reflected in the Joint Stipulation, there are four disputed issues:

19         1.      Whether the ALJ properly evaluated Plaintiff's subjective symptom testimony;

20         2.      Whether the ALJ properly evaluated the opinions of two treating physicians,
21  Drs. Newman and Bonyadlou;

22         3.      Whether the ALJ properly evaluated the opinion of an examining physician, Dr.
23  Hasday; and

24         4.      Whether the ALJ properly evaluated Plaintiff's mental impairment.
25  (JS at 3.)

26  ///

27  ///

28

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d) (1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

1    The first step is to determine whether the claimant is presently engaging in substantial

2  gainful activity.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the claimant is

3  engaging in substantial gainful activity, disability benefits will be denied.  Bowen v. Yuckert,

4  482 U.S. 137, 140 (1987).  Second, the ALJ must determine whether the claimant has a

5  severe impairment or combination of impairments.  Parra, 481 F.3d at 746.  An impairment is

6  not severe if it does not significantly limit the claimant's ability to work.  Smolen, 80 F.3d at

7  1290.  Third, the ALJ must determine whether the impairment is listed, or equivalent to an

8  impairment listed, in Appendix I of the regulations.  Id.  If the impediment meets or equals

9  one of the listed impairments, the claimant is presumptively disabled.  Bowen v. Yuckert, 482

10  U.S. at 141.  Fourth, the ALJ must determine whether the impairment prevents the claimant

11  from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

12  Before making the step four determination, the ALJ first must determine the claimant's

13  residual functional capacity ("RFC").[1]  20 C.F.R. § 416.920(e).  The RFC must account for all

14  of the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e),

15  416.945(a)(2); Social Security Ruling ("SSR") 96-8p.  If the claimant cannot perform his or

16  her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and

17  must determine whether the impairment prevents the claimant from performing any other

18  substantial gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

19    The claimant bears the burden of proving steps one through four, consistent with the

20  general rule that at all times the burden is on the claimant to establish his or her entitlement

21  to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the

22  claimant, the burden shifts to the Commissioner to show that the claimant may perform other

23  gainful activity.  Lounsbury v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a

24  finding that a claimant is not disabled at step five, the Commissioner must provide evidence

25

26    [1]Residual functional capacity ("RFC") is what one "can still do despite [his or her]

27  limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R.
    §§ 404.1545(a)(1), 416.945(a)(1).

28

1  demonstrating that other work exists in significant numbers in the national economy that the

2  claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. §

3  416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and

4  entitled to benefits.  Id.

5                                            **DISCUSSION**

6          **A.      The ALJ's Decision**

7          In this case, the ALJ determined at step one of the sequential evaluation that Plaintiff

8  has not engaged in substantial gainful activity since July 4, 2004, her alleged disability onset

9  date.  (AR 21.)

10         At step two, the ALJ determined that Plaintiff has the following severe impairments:

11  musculoligamentous strain of the lumbar and cervical spine; chronic right shoulder

12  impingement; obesity; and an adjustment disorder.  (AR 21.)

13         At step three, the ALJ found that Plaintiff does not have an impairment or combination

14  of impairments that meets or medically equals one of the listed impairments.  (AR 21-22.)

15         The ALJ found that Plaintiff has the RFC to perform medium work with the following

16  limitations:  she is "able to perform frequent but not constant flexion, extension, or rotation of

17  the head and neck to the end range of motion; with the right upper extremity, able to perform

18  frequent but not constant pushing and pulling; with the right upper extremity, unable to

19  perform constant work at or above shoulder level; able to perform frequent but not constant

20  bending and stooping; and unable to perform work requiring more than minimal interaction

21  with the general public."  (AR 22.)

22         At step four, the ALJ relied on the testimony of a vocational expert in finding that

23  Plaintiff could perform her past relevant work as a cleaner, and therefore concluded that

24  Plaintiff is not disabled.  (AR 24-25.)

25         **B.      Remand is Warranted for the ALJ to Reconsider the Medical Evidence.**

26         Plaintiff argues that the ALJ erred in evaluating the opinions of two treating

27  physicians, Drs. Newman and Bonyadlou, and one examining physician, Dr. Hasday.  (JS at

28

12-13, 15-19.)  The Commissioner also "moves for remand so that the ALJ can further consider the opinions of Doctors Nagelberg, Hasday, Newman, and Bonyadlou.  The ALJ will also attempt to obtain from Dr. Nagelberg a medical assessment of Plaintiff's work abilities. If the ALJ cannot obtain such an assessment, the ALJ will obtain evidence from a medical expert to provide an opinion as to Plaintiff's [abilities] during the time of Dr. Nagelberg's treatment.  The ALJ will also further explain the weight given to Dr. Hasday's opinion and explain what his opinions mean in terms of Social Security definitions.  The ALJ will also try to obtain a copy of his May 2006 report."  (JS at 7.)

In light of the Commissioner's admission that remand is required for the ALJ to evaluate the medical evidence adequately, the Court need not adjudicate Plaintiff's other challenges to the ALJ's decision.  The Court has determined, however, that a reversal and remand for immediate payment of benefits is not appropriate.  On remand, the ALJ is free to reevaluate the credibility of Plaintiff's subjective complaints and to reassess the limitations caused by her mental impairment.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding for further proceedings in accordance with law and with this Memorandum Opinion and Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 25, 2011                       _/s/ John E. McDermott_
                                                              JOHN E. MCDERMOTT
                                                    UNITED STATES MAGISTRATE JUDGE